UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KIRANKUMAR MAHENDRABHAI PATEL**,<br><br>Petitioner,<br><br>v.<br><br>**KEVIN RAYCRAFT et al.,**<br><br>Respondents. | **2:26-CV-10482-TBG-EAS**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER CLOSING CASE** |

On March 17, 2026, this Court granted Mr. Patel's Petition for Writ of Habeas Corpus. ECF Nos. 1, 7. The Court ordered that Mr. Patel should "be afforded a bond hearing before an immigration judge on or before 5:00 p.m. on March 24, 2026, or be released." The Court further ordered that the government shall bear the burden of establishing by clear and convincing evidence that detention is justified under § 1226(a) of the INA.

On March 31, 2026, the government filed a Status Report as ordered and reported that Mr. Patel was afforded a bond hearing by the date and time specified in the Court's Order. *See* ECF No. 8. The Court then Ordered the government to provide a transcript of the bond hearing so that the Court could determine whether the government was required

to prove that bond should be denied based on the clear and convincing evidence standard specified in the Court's Order. *See* ECF No. 9.

Having reviewed that transcript, the Court concludes that the government failed to carry its burden to show that Mr. Patel was a flight risk or a danger to the community by clear and convincing evidence. Indeed, the transcript shows that the government presented no evidence whatsoever at the bond hearing—referring instead to the evidence presented by Mr. Patel. Tr., ECF No.10-3, PageID.98–99. The Immigration Judge, after listening to government counsel's unsupported statement that the respondent "presented a clear flight risk and limited ties to the US . . . [and] has not demonstrated meaningful community ties . . . [with] no evidence of stable long-term residence," asked government counsel: "Is there some reason why you didn't submit any evidence to show any of that?" *Id.* at PageID.99.

Government counsel then referred to the evidence packet that Mr. Patel's counsel submitted. But Mr. Patel's counsel submitted evidence showing that he had no criminal record, that he has an I-130 petition pending, that he has family and a sponsor in the United States, that he has strong family and community ties, stable support, a fixed address, an employment history, and a record of appearance in court. In short, Mr. Patel submitted clear and convincing evidence showing that he did *not* represent a flight risk. *Id.* at PageID.100–01.

It is clear from the transcript of the hearing that the Immigration Judge was aware that the government had the burden of proving risk of flight or danger by clear and convincing evidence, *id.* at PageID.102, and his Order states definitively that the government did carry that burden. ECF No. 10-2, PageID.88. What is not clear, however, is how any evidence supported, or could support—based on the hearing and exhibits—the conclusion that the government bore its burden.

Nevertheless, since the bond hearing was held, there have been no motions or a second petition challenging whether the clear and convincing evidence standard was met. And upon investigating the matter, the Court has been informed by the ICE Detroit Field Office that that Mr. Patel has since been deported on May 26, 2026, and as such is no longer in the custody of the United States.

Although the record offers no basis to allow the Court to conclude that the government complied with its order to "bear the burden of establishing by clear and convincing evidence that detention is justified under § 1226(a)," it appears that the government's action in rapidly carrying out the deportation of Mr. Patel has deprived the Court of any meaningful ability to enforce its order. Lesson learned.

Consequently, the petition for a writ of habeas corpus is moot, and must be **DISIMISSED WITHOUT PREJUDICE**.

This Order closes the case.

**SO ORDERED**.

Dated: October 15, 2026

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE